# Ladner v. Conver

*Foulke & Foulke*, for plaintiff.
*C. Edmund Wells*, for defendant

CORSON, J., June 18, 1947.—Plaintiff brought her bill seeking to enforce her dower right in equity against certain property owned by plaintiff's deceased husband and sold by him to predecessors in title of present defendant.

Defendant raises preliminary objections under Equity Rule 48, averring that she has a just, full, and complete defense, which does not require the production of evidence to sustain it. For the purpose of these preliminary objections we must assume that the facts alleged in the bill are correct.

The property in question was acquired by plaintiff's deceased husband in 1888. Plaintiff was married to Allen F. Ladner in 1902, and was never divorced from him prior to his death on February 1, 1944. Allen F. Ladner, while still so married to plaintiff, died intestate, leaving a widow, the plaintiff, and two children. From paragraph 10 of the bill it appears that plaintiff acted as administratrix of her husband's estate, has filed a first and final account, and the estate has been distributed. Defendant's first contention in her preliminary objections is that the action is barred by the statute of limitations. This objection was not pressed and is without merit.

The second objection is that plaintiff upon the facts set forth in the bill is guilty of laches as a matter of law. It is true that laches may be raised as a preliminary objection and if laches appear on the face of the bill without such attendant circumstances being stated as to obviate it, the bill may be dismissed upon preliminary objections: 8 Standard Pa. Practice, §264, p. 196; Riley v. Boynton Coal Co. et al., 305 Pa. 364 (1931).

Apparently plaintiff did not live with her husband for many years prior to his death and was perhaps unfamiliar with his activities. The property in ques-

tion was acquired long before the marriage of the Ladners, and there is nothing to show that plaintiff ever knew that Ladner owned such property. From the argument it would appear that plaintiff only learned of the conveyance of the property when a search was made some time after her husband's death.

While defendant contends, and the bill alleges, that in the conveyance to defendant's predecessors in title Ladner fraudulently listed himself as a single man, yet it was no fraud upon plaintiff and the fraud, if any, was as to the grantee in such deed. The deceased husband, whom we shall hereinafter refer to as Ladner, had the right and the power to convey his interest in his real estate without the joinder of his wife and if his wife had predeceased him the title so transferred by him would have been a perfectly good and complete title in fee.

Defendant contends that plaintiff had notice of the deed because it was recorded. We cannot agree with defendant's contention that this was constructive notice to Mrs. Ladner. She was apparently living in Philadelphia while her husband lived in Pottstown and there was nothing to put her upon notice that he was conveying his property and there was no duty upon her to investigate the records to see whether or not such transfer had been made. If she had discovered such conveyance there was no action that she could have taken during the lifetime of her husband to set it aside, and the only action that she could ever bring was an action to enforce her dower rights after the death of her husband. Since her husband did not die until 1944, her delay can only be computed from the time her right of dower accrued. The most that can be said in favor of defendant's contentions might be that if Mrs. Ladner learned of the conveyance she should have notified the grantee of her inchoate interest

which would vest in the event she outlived her husband. There is a real doubt even in that case that there would have been any legal duty so to do.

Defendant's remaining contention is that as administratrix of her husband's estate plaintiff distributed his personalty and thus deprived defendant of any ability to recover against his estate for any false representation made at the time of the conveyance. However, as administratrix, it was plaintiff's duty to settle promptly her husband's estate and a grave question might arise whether or not after proper advertising, etc., defendant's claim would not be barred. A substantial question also arises as to whether the statute of limitations might not have barred such action in any event in view of the long lapse of time. We cannot say as a matter of law under the facts as set forth in the bill that there was any fraud upon the part of plaintiff in doing what the law required her to do in her fiduciary capacity of administratrix. There is nothing in the bill to indicate that at the time of such distribution plaintiff had any actual knowledge of the conveyance. With no knowledge of such conveyance, either actual or constructive, her action in distributing the assets of her husband's estate cannot be said as a matter of law at this stage of the proceeding to work an estoppel barring the present action.

Facts may be developed which will bar plaintiff's right in the present case. However, we certainly cannot say as a matter of law upon the present state of the pleadings that plaintiff is not entitled to equitable relief in the action which she has brought.

And now, June 18, 1947, defendant's preliminary objections to the bill are dismissed and defendant is directed to file an answer on the merits within 15 days after notice of the filing of this opinion.